## THE STATE v. O. C. WILLIAMS.

CARRYING CONCEALED WEAPONS. *United States marshal.* *Code* 1892, § 1027.

Act of congress of July 29, 1861, Rev. Stat. U. S.. § 788, in providing' that "marshals and their deputies shall have, in each state, the same powers in executing the laws of the United States as the sheriffs and their deputies in such state may have by law in executing the laws thereof," did not confer merely such power as was then by law possessed by sheriffs, but such as the respective states might from time to time confer. Hence, a deputy marshal, while executing criminal process in this state, and in his district, may lawfully carry a concealed weapon, this being permitted to the state's peace officers and their deputies by § 1027, code 1892.

FROM the circuit court of the first district of Chickasaw county.

HON. NEWNAN CAYCE, Judge.

Appellant was tried on an indictment for carrying a concealed weapon, and acquitted. The state appeals, and assigns for error that the verdict is contrary to law and the uncontradicted testimony of the accused himself. The facts appear in the opinion.

*Frank Johnston,* attorney-general, for the state.

The sole question is, whether paragraph (*c*), § 1027, code 1892, embraces United States marshals and their deputies, and whether § 788 of the United States revised statutes confers the right to carry concealed weapons in violation of the criminal laws of a state. Also, the question of the power of congress to pass such a law is presented. It cannot be said that the carrying of a concealed weapon—in this case, a dirk—is necessary in executing process of a state or of the United States, or that the denial of the right to do so impairs the administration of justice by the federal courts.

WHITFIELD, J., delivered the opinion of the court.

The appellee was a regular deputy United States marshal for the eastern division of the northern district of Mississippi, and was, at the time of his arrest, acting within the said division and district, in the execution of a warrant for the arrest of one Fayette Hill. Under such circumstances, he had the right, as a peace officer within paragraph (*c*), § 1027, code 1892, to carry the weapon. This is clearly settled by the *Tug Gorgas,* 10 Ben. Adm., 460, and *Gwin* v. *Breedlove,* 2 How. (U. S.), 29. The revised statutes of the United States, § 788, provides that "the marshals and their deputies shall have, in each state, the same powers in executing the laws of the United States, as the sheriffs and their deputies in such state may have, by law, in executing the laws thereof." One view of this statute, originally enacted July 29, 1861 (12 Stat., p. 282), is that it merely confers on marshals and their deputies such powers of sheriffs and their deputies as they had in their respective states at the date of this enactment, July 29, 1861; that the act confers upon such marshals and their deputies, in addition to the "powers conferred upon them by the laws of congress and the rules and practice of the courts," the aforesaid powers of sheriffs and their deputies, and that no restrictive state statute, passed after July 29, 1861, could take away any power

conferred by said act. This is the view adopted in the *Tug E. W. Gorgas*, *supra*. The other view regards this section (788) as conferring upon marshals, within their respective states, "such powers in executing the laws of the United States, as by the laws of the same states are, from time to time, conferred upon sheriffs to execute the laws of the state—making the provision perambulatory," and this, we think, clearly the sounder construction. Under either construction, however, the charge in this case was correct. See, further, Gould & Tucker's notes on Rev. Stat. U. S., § 788, p. 230.

The point presented by this appeal is wholly different from that in *Ex parte Clem Lea*, in which the writer of this opinion was the counsel for the state. There the deputy United States marshal was outside his district, and in a different state.

*Affirmed.*